**JING JING DONG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Respondents.**

No. 07–5271–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Jing Jing Dong, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Jing Jing Dong, a native and citizen of the People's Republic of China, seeks re-

view of a November 8, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Chin Chin Dong,* No. A77 323 137 (B.I.A. Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.")); *see also INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted).

When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83,

93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying Dong's motion to reopen.[1] A party may file only one motion to reopen and must do so within ninety days of the issuance of the final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and numerical limitations do not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

■ It is undisputed that Dong's motion to reopen was untimely and numerically barred. 8 C.F.R. § 1003.2(c)(2). However, Dong claimed in her motion that the birth of her first child and her pregnancy constituted a change in personal circumstances and stated, without elaboration, that country conditions in China had changed. As to the former claim, the BIA properly found that a change in personal circumstances cannot establish changed country conditions excusing an applicant from the applicable time and numerical limitations. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

1. We lack jurisdiction to review Dong's challenge to the BIA's decision not to reopen her proceedings sua sponte because that decision was "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); 8 C.F.R. § 1003.2(a).

■ Moreover, although Dong submitted a letter from her parents-in-law and an alleged notice from local officials stating that she was required to have an IUD insertion and threatening severe punishment, we find no abuse of discretion in the BIA's conclusion that it had previously evaluated similar evidence and found it insufficient to establish materially changed country conditions warranting reopening. *See Jian Hui Shao v. BIA,* 465 F.3d 497, 502 (2d Cir.2006) ("[T]he BIA possesses far more relevant expertise than we do.... Its regular interaction with aliens seeking asylum in the United States, particularly those claiming persecution at the hands of China's family planning authorities, provides a more substantial background for these decisions than does even our heavy immigration caseload."); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 186–87 (2d Cir.2006) ("Fact-finders in immigration cases command no lesser deference" than other agencies acting in their expert capacity) (citing *Chevron U.S.A., Inc. v. NRDC, Inc.,* 467 U.S. 837, 866, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

Because the BIA properly found that Dong's evidence was insufficient to establish materially changed country conditions, it properly denied Dong's motion to reopen as untimely and numerically barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we need not reach its other findings.

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.